Kerry E. Connolly, Esq.
The Law Office of Kerry E. Connolly, Esq.
One Battery Park Plaza, 32nd Floor
New York, NY  10004
(212) 372-7333 - telephone
(917) 591-4858 – facsimile
kconnolly@connollylaw.us.com
kerry.connolly@gmail.com

Attorney *pro se*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | | |
|---|---|---|
| KERRY E. CONNOLLY, ESQ., | : | 11 CIV. 8801 (DAB)(JCF) |
| Plaintiff, | : | PLAINTFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO |
| -against- | : | MAGISTRATE JUDGE FRANCIS'S -- RECOMMENDATION THAT THE |
| LELIA MARTIN WOOD-SMITH and "JOHN DOES" 1 through 5, | : | DEFAMATION CLAIM NOT BE DISMISSED |
| Defendants. | : | |

---------------------------------------------------------x

Kerry E. Connolly, attorney plaintiff *pro se* in this action, respectfully submits this Response to the Objection of defendant Lelia Wood-Smith to the recommendation of Magistrate Judge Francis that the Complaint's defamation claim not be dismissed.  Report and Recommendation dated May 14, 2012 (the "Report"), Docket Index [DI] 33.

## INTRODUCTION

This is an action for defamation, specifically libel *per se*.  For 16 years, Plaintiff served as the attorney for the Allan Stone Gallery (the "Gallery"), a New York art gallery.  Allan Stone, the founder and owner, was a renowned art dealer and avid collector.   Allan and the Gallery Director, his daughter Claudia, enjoyed an excellent working relationship with the Plaintiff.

In December 2006, Allan died.  On December 31, 2007, the Gallery came to be controlled by defendant, as the independent trustee of the C.S Marital Trust, in which the Gallery

corporation's stock had vested upon Allan's death.  While defendant has now been removed as trustee by the Surrogate for improper conduct [DI 33 at 2, n.1; DI 24, Ex.1],[1] this action arises from defendant's acts when she was in control of the Gallery.   Plaintiff's defamation claim arises out of defendant's false statements about the legal opinions and advice Plaintiff gave to the Gallery.  Plaintiff's legal advice, defendant wrote in an email to Gallery officers and employees and members of Allan Stone's family, "was incorrect" and "had cost the Estate hundreds of thousands of dollars" (the "Defamatory Statements").

Defendant moved to dismiss the Complaint[2], asserting, *inter alia,* that New York's "single instance" rule excepts the Defamatory Statements from *per se* liability.

In his Report, the Magistrate Judge correctly explained that the single instance rule "is a narrow exception to the principle that a statement tending to disparage a person in his or her office, profession or trade is defamatory *per se.*  It 'applies where a publication charges a professional person with a <u>single error in judgment</u>, which the law presumes not to injure reputation.'" [DI 33 at 18] (quoting *Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 185 (2d Cir. 2000)(quoting in turn *Armstrong v. Simon & Schuster, Inc.,* 85 N.Y.2d 373, 379, 625 N.Y.S.2d 477, n.5 (1995))(emphasis in original).

Magistrate Judge Francis properly rejected the single instance exception in this case, finding that the Defamatory Statements about Plaintiff's advice referred to not just one legal

---

[1] Now that defendant has been removed as trustee by the Surrogate, the Gallery has settled the Fees Action with Plaintiff by, as recited in the Stipulation of Dismissal (of which the Court can take judicial notice), paying all of her legal fees, with statutory interest thereon and all of her costs and dismissing the counterclaims without any payment by Plaintiff thereon.  *Connolly v. Allan Stone Galleries, Inc.,* New York County Supreme Court Index No. 650104/2012.  Defendant's statement that the action was "dismissed with prejudice" (Obj. at 9) but not noting that 100% of Plaintiff's sued-upon fees were paid (with interest) and the malpractice counterclaims dismissed, was itself misleading.

[2] References to the "Complaint" are to the Amended Complaint [DI 16].

opinion that Plaintiff gave, but to several, given on different occasions. [DI 33 at 19] Defendant's Objection asks the Court to reject the Magistrate Judge's recommendation against dismissal of the defamation claim, on the sole ground[3] that it was incorrect in finding that the single instance exception does not apply to the Defamatory Statements.

As explained below, the Objection is groundless.[4] It seeks to transform the single *instance* rule – a rule grounded in a single mistake – into a *subject matter* rule, foreclosing defamation claims related to a single legal subject matter. Defendant's argument has no basis in the law whatsoever. Moreover, the Defamatory Statements, by their own terms, are sweeping; they refer to all of Plaintiff's legal advice which was not limited to the single subject matter that defendant describes.

The Complaint, read plainly, makes clear that the advice Plaintiff gave, including, "a series of legal advices drafted by Plaintiff for the Gallery on the nature and scope of copyright and Fair Use", Complaint ¶28, encompassed the wide variety of issues that would expectedly arise over a sixteen year period of representing an art gallery.

---

[3]Although she does not object to the Report on this ground, defendant reiterates, in cursory way, the argument made in the motion to dismiss, that if the allegations of the Complaint refer to more than one single piece of legal advice, it is "ambiguous" and fails to give fair notice of the claim. Magistrate Judge turned this argument aside, as well, finding that the Complaint provided sufficient notice of Plaintiff's defamation claim.  [DI 33 at 13-15]

[4]Moreover, as Plaintiff previously explained to the Court [DI 40], on June 15, 2012, Plaintiff reached an agreement settling this action with defendant's settlement negotiator, Peter Stern, Esq., who had represented that he acted on defendant's authority, and that he would draft and deliver the settlement documents.  When no settlement documents were delivered to Plaintiff, Plaintiff drafted the documents reflecting the parties' agreement and delivered them to Mr. Stern and to counsel of record, Laurie Berke-Weiss, whereupon Mr. Stern told Plaintiff that there was no agreement.  Given that Mr. Stern is not counsel of record for the defendant, it is difficult to enforce his representation of authority against defendant.  Plaintiff believes that Mr. Stern did have authority but that defendant later changed her mind.  Notably, this is the same sort of gamesmanship defendant perpetrated in Plaintiff's action for her legal fees where defendant made a similar feint at settlement, prior to defendant's removal as trustee. [DI 33 at 6]

Defendant, however, is focused on only one piece of Plaintiff's legal advice, to which she reacted badly. That is Plaintiff's advice that defendant's plan to assert ownership of the copyright in two paintings by the artist Wayne Thiebaud was wrongful and a violation of the Copyright Act. [DI 33 at 5]; Complaint ¶¶ 27-29, 40. Defendant takes that one instance of legal advice, which was based on the facts specific to the two Thiebaud paintings, and then claims that *all* of the legal advice referred to in the Complaint related to the same subject matter. But, of course, it does not, as demonstrated by a plain reading of the Complaint.

The Gallery, like any art gallery, displayed and promoted works of art for sale. In such businesses, questions commonly arise from time to time regarding copyright, including moral rights of attribution, publicity as well as the fair use doctrine. These are the issues as to which Plaintiff provided "ongoing legal advice regarding copyright" under a plain reading of the Complaint. Notably, the "ongoing advice" alleged in the Complaint covers the sixteen years Plaintiff represented the Gallery and nowhere is it limited to the short period of time that defendant was a trustee, as defendant argues.

Even were the defamation limited to the time when defendant was in control, as the Magistrate Judge correctly noted, there are at least three distinct memos giving advice on the issues presented, so the single instance rule cannot possibly be applied. The Complaint is more than sufficient to withstand dismissal at this stage.

Moreover, in considering the scope and impact of the single instance rule with respect to attorneys in general, and on the facts of this case, the special position of trust held by an attorney makes protection of reputation particularly important. Indeed, the Third Circuit has noted that "[a] lawyer's reputation is one of his[/her] most important professional assets." *Adams v. Ford*

4

*Motor Co.,* 653 F.3d 299, 305-306 (3rd Cir. 2011). The Court then noted "the truth in Iago's pronouncement" that:

> Good name in man and woman … is the immediate jewel of their souls: Who steals my purse steals … nothing; … But he that filches from me my good name robs me of that which enriches him not and makes me poor indeed.

*Id.* (quoting William Shakespeare, *Othello*, Act III, Scene II)).

## **ARGUMENT**

### I. THE SINGLE INSTANCE RULE COVERS A SINGLE MISTAKE, NOT A SUBJECT MATTER AREA

The Magistrate Judge found that the Defamatory Statements did not refer only to a "single instance of mistake." Rather, the Magistrate Judge found that the Complaint alleges that the Defamatory Statements referred to Plaintiff's "on-going legal advice" over the course of her representation, which means more than a single dereliction. [DI 33 at 19] The Magistrate Judge also found that the Complaint specifically refers to a minimum of three different occasions on which Plaintiff had given legal advice "on the nature and scope of copyright and [f]air [u]se." *Id.*

Nonetheless, defendant presses the same argument, rejected by Magistrate Judge Francis as "inaccurate" [DI 33 at 19], that on a "plain reading" of the Complaint, the Defamatory Statements refer to just one piece of legal advice. She hammers away repeatedly on the words "one issue", "one area", a "single issue", a "single matter", "one particular issue", as though mere repetition will convince the Court that the legal advice that the Complaint says the Defamatory Statements referred to was just on the issue of "the validity of an assertion of copyright over works of art owned by" the Gallery. Obj. at 1.

That limitation finds no support in the Complaint. Nowhere does the Complaint say that Plaintiff's "ongoing legal advice relating to copyright" (Complaint ¶3) was limited to the issue framed by defendant. Rather, the Complaint explains that, as would be reasonably expected,

5

over the years, Plaintiff had given the Gallery several opinions on, among other subjects, various aspects of copyright law, alleging that "Plaintiff's December 10 memorandum was only the latest in a series of legal advices drafted by Plaintiff for the Gallery on the nature and scope of copyright and Fair Use." *Id.* ¶28.

Despite *that* plain language, and despite defendant's concession that the Defamatory Statements refer to different pieces of legal advice that were given at different times, she insists that the legal advice was on one issue only and so the single instance rule should apply. In so doing, defendant pushes the rule far beyond its limited parameters, by trying to engraft onto it a subject matter exception so broad that it would swallow the rule, whole.

Indeed, the point is made by a *reductio ad absurdum* argument: if defendant had her way, all-encompassing defamatory statements that cover a lifetime of legal opinions and advice given on many different occasions, on a myriad of issues, would not be actionable so long as they were concentrated on one subject matter, such as "securities law" or "trusts and estates law". But there is no subject matter aspect to the single instance rule, it is just what it says it is; it excuses a statement falsely claiming a one time mistake, made once. Defendant's "subject matter" distortion of the single instance rule is meritless.

Moreover, it is telling that defendant never explains just how legal advice on the nature and scope of the Fair Use Doctrine that is alleged in the Complaint could possibly have any application to the issue of "the validity of an assertion of copyright." Of course, it does not. Obviously, then, at least the legal advice on the Fair Use Doctrine falls outside of defendant's fictionalized "sole issue" construct. The single instance rule is inapplicable to the defamation claim on this basis alone.

II.  **DEFENDANT IMPROPERLY SEEKS TO OFFER ALTERNATIVE FACTUAL ASSERTIONS THAT ARE BELIED BY THE ALLEGATIONS OF THE COMPLAINT**

Apparently recognizing that her assertion that the single instance rule encompasses a whole subject matter is legally flawed, defendant offers an alternative, equally flawed theory. Specifically, she asserts that Plaintiff, who gave advice on multiple different occasions (as noted, Magistrate Judge Francis found there were at least three separate pieces of advice given at three separate times) was really just repeating the exact same advice, over and over and over again. From that assertion, defendant argues that all of the legal advice referred to in the Complaint was a single piece of advice.  Def. Obj. at 7.

Of course, in making that argument, defendant ignores the allegations of the Complaint and dreams up an entirely different set of facts. The assertion that the advice was repeated and identical is plainly an attempt to contradict the Complaint's allegations and is, therefore, improper.  But even were the Court to go beyond the plain language of the Complaint's allegations, not only are the Complaint's allegations that the Defamatory Statements refer to several different items of different advice plausible, the counter-factual arguments defendant posits are themselves logically and temporally impossible.

The logical and temporal impossibility that all of Plaintiff's legal advice was the same is illustrated by Plaintiff's December 10, 2010 memorandum.  In that memorandum, Plaintiff gave advice in response to the questions posed to her about the discrete set of circumstances that came into existence only in December 2010.  It was then that defendant told the Gallery Director to add a notation to the Gallery's sales invoices for two paintings by the artist Wayne Thiebaud, that the Gallery retained ownership of the copyright in those paintings.   Complaint ¶23.

7

Because that was not the Gallery Director's understanding, and it concerned her on both a legal and public relations, business level, she asked for Plaintiff's advice.  Complaint ¶6.

As the December 10 advice responded to a situation which, as alleged in the Complaint, only arose in December 2010 (Complaint, ¶ 23), defendant fails to explain how Plaintiff's "prior advice", including the "series of legal advices on the nature and scope of copyright and Fair Use" (Complaint, ¶¶3, 23, 28), could have possibly addressed the unique set of facts presented by defendant's scheme to assert ownership of the copyright in the two Thiebaud works.

Unable to make that explanation, defendant nonetheless flatly asserts that the December 10 advice was the same advice Plaintiff had previously rendered, stating that "[t]he fact that this advice may affect one work or thousands of works of art is irrelevant."  Obj. at 7.  In other words, defendant just repeats the false construct that all of the Complaint's allegations refer to legal advice on the same issue, which she frames as the broad issue of the assertion of ownership of copyright in works of art.  But that argument is really nothing but a rehash of her incorrect and legally baseless assertion that the single instance rule subsumes any advice on a subject matter, no matter that the advice was given at different times, or that it addressed different general or specific issues and arose in different factual contexts.  And, again, of course, defendant ignores the Complaint's specific allegation that Plaintiff's on-going legal advice included advice on the Fair Use Doctrine.  Complaint ¶28.  The Fair Use Doctrine has nothing at all to do with asserting ownership of a copyright, so the fact that Complaint contains this allegation thoroughly eviscerates the argument that the legal advice was only on one issue.

Moreover, the assertion that legal advice as to who is the owner of the copyright in a particular work is "advice [that] may affect one work or thousands of works" is just plain wrong. The question of who owns the copyright in a particular work is dependent on a number of facts

specific to that work, such as the identity of the author, whether the author conveyed the copyright to another in a writing, whether the work was a work for hire and whether the copyright has lapsed into the public domain, *etc. See, e.g.,* 17 U.S.C. § 201.  Indeed, because the December 10 memorandum explored the ownership of the copyright in two separate Thiebaud works, even as to that single artist, a work by work analysis was required to determine the ownership of those copyrights.

It is therefore beyond cavil that regardless of the nature of the previous advice on copyright and fair use, the December 10 memorandum was *sui generis*, because it contained Plaintiff's legal advice that was based on her investigation into the particular facts bearing on the ownership of the copyrights in the two Thiebaud works that the Gallery sold in December 2010.

In sum, defendant has failed to show that Plaintiff's prior, on-going legal advice regarding copyright law and the Fair Use Doctrine, including the minimum three instances cited by Magistrate Judge Francis that Plaintiff put the legal advice in memoranda rather than conveying it in an email, telephone call or in-person, came from anything other than distinct pieces of legal advice given in response to the variety of issues which confronted the Gallery in the ordinary course of its business.  The Defamatory Statements that Plaintiff's legal advice "was incorrect" and "had cost the Estate hundreds of thousands of dollars" impugned all that advice, not one single piece of advice.

## CONCLUSION

For the foregoing reasons, the Court should adopt that portion of the Report recommending that the defamation claim not be dismissed, and for the reasons stated in Plaintiff's Objections to the Report's recommendation on the Stored Communications Act

("SCA") claim [DI 37], the SCA claim should not be dismissed.  In the event the Court determines that the defamation claim or the SCA claim should be dismissed, as the motion to dismiss was made without prejudice, Plaintiff requests the Court to grant leave to replead the defamation claim and the SCA claim in order to correct any infirmity, and to grant such other and further relief as the Court deems proper.

Dated:  New York, New York
       July 9, 2012

                        KERRY E. CONNOLLY, ESQ.

                        /s/Kerry E. Connolly
By:   _____
                        Kerry E. Connolly

                        One Battery Park Plaza, 32nd Floor
                        New York, New York  10004
                        (212) 372-7333

                        Attorney *pro se*