```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
KERRY E. CONNOLLY, ESQ.,

        Plaintiff,
                                         11 Civ. 8801 (DAB) (JCF)
   v.                                    MEMORANDUM AND ORDER

LELIA MARTIN WOOD-SMITH and
"JOHN DOES" 1 through 5,

        Defendants.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

On May 14, 2012, United States Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report") recommending that Defendant Lelia Martin Wood-Smith ("Defendant" or "Wood-Smith")'s Motion to Dismiss be GRANTED as to Plaintiff's tortious interference and Stored Communications Act claims and DENIED as to Plaintiff's defamation claim. (Report at 34.) For the reasons set forth below, after conducting a de novo review of the Parties' Objections where appropriate, the Report of Magistrate Judge Francis dated May 14, 2012 shall be adopted in its entirety with the exception of the Report's footnote 3. Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's tortious interference and Stored Communications Act claims and DENIES Defendant's Motion to Dismiss Plaintiff's defamation claim.

1

I. Objections to the Report and Recommendation

Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the Report to which no timely objection has been made, as long as there is no clear error on the face of the record. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks and ellipses omitted); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or

2

modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

II. Plaintiff's Objections

Plaintiff objects to the Report's recommendation that her Stored Communications Act ("SCA") claim be dismissed. (Pl. Obj. at 1.) The Amended Complaint alleges that Defendant illegally accessed email correspondences between Plaintiff and employees of The Allan Stone Gallery (the "Gallery"), an art gallery to which Plaintiff provided legal advice. (Am. Compl. ¶¶ 13, 80-85.) The emails were stored on the server of exhibit-E, the provider and administrator of the email service used by Gallery employees. (Id. ¶¶ 49, 52.) Although Plaintiff claims that Defendant's access to these emails was unauthorized, Magistrate Judge Francis found that exhibit-E authorized Defendant to access the emails, and that Defendant thus has a complete defense to liability under the SCA. (See Report at 31-32.)

Objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, No. 09 Civ. 1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (internal quotation marks omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must

3

be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (internal quotation marks omitted).

Plaintiff argues that (1) exhibit-E did not authorize Defendant to access the contents of the Gallery emails; and (2) exhibit-E did not have the legal capacity to authorize Defendant to access the contents of the Gallery emails. (See Pl. Obj. at 1-5.) These claims merely repeat arguments that Plaintiff raised in her Opposition to Defendant's Motion to Dismiss (see Pl. Opp. at 12-15), and therefore are entitled only to "clear error" review. Having found no clear error, the Court adopts the Report's findings and recommendations regarding Defendant's authorization to access Gallery emails.

III. Defendant's Objections

A. The Single Instance Exception

Defendant objects to the Report's recommendation that Defendant's Motion to Dismiss be denied as to Plaintiff's defamation claim. Specifically, Defendant argues that New York's "single instance" exception bars Plaintiff's defamation claim because Defendant's alleged defamatory statement references one issue, Plaintiff's copyright advice. (See Def. Obj. at 1.)

4

Magistrate Judge Francis found that Defendant's statement fell outside of the single instance exception because it criticized Plaintiff's ongoing legal advice on copyright and Fair Use, which Plaintiff rendered via at least two memoranda and one email. (Report at 19-20.) After reviewing <u>de novo</u> the Report's findings on this issue, the Court finds that Defendant's statement does not fall within the "single instance" exception.

Under New York's single instance exception, a claim for defamation <u>per se</u> is not actionable "where a publication charges a professional person with a <u>single error in judgment</u>, which the law presumes not to injure reputation." <u>Celle v. Filipino Reporter Enters. Inc.</u>, 209 F.3d 163, 180 (2d Cir. 2000) (quoting <u>Armstrong v. Simon & Schuster, Inc.</u>, 85 N.Y.2d 373, 379 n.5 (N.Y. 1995)); <u>see also</u> <u>id.</u> ("Under [the single instance] rule . . . a statement charging an individual with a <u>single dereliction</u> in connection with his or her trade, occupation, or profession does not necessarily charge that party with general incompetence, ignorance or lack of skill and is not deemed actionable . . . .") (internal quotation marks omitted); <u>November v. Time Inc.</u>, 13 N.Y.2d 175, 178 (N.Y. 1963) ("[L]anguage charging a professional . . . with ignorance or mistake on a single occasion only and not accusing him of general ignorance or lack of skill cannot be considered

5

defamatory on its face and so is not actionable . . . ."). However, as indicated by its name, the exception does not apply to statements that charge the plaintiff with "multiple wrongful acts or lapses in judgment." Celle, 209 F.3d at 181.

Magistrate Judge Francis correctly found that Defendant's statement does not fall within the single instance exception. In the Amended Complaint, Plaintiff alleges that she generated "a series of legal advices . . . for the Gallery on the nature and scope of copyright and Fair Use." (Am. Compl. ¶ 28.) This "series of legal advices" on copyright took place in at least three separate correspondences: 1) a memorandum Plaintiff sent to Defendant before December 2010 regarding an artist's retention of copyright; 2) a December 2010 memorandum Plaintiff sent to the Director of the Gallery regarding whether the artist Wayne Thiebaud retained copyright in two paintings sold by the Gallery; 3) an email Plaintiff sent to Defendant in March 2011 explaining additional issues with falsely asserting ownership of copyright under state law. (Id. ¶¶ 23, 25-26, 28-29.) The Complaint further alleges that Defendant "stated that Plaintiff's ongoing advice on copyright 'was incorrect,' and 'had cost the Trust hundreds of thousands of dollars.'" (Id. ¶ 38.) Defendant's statement criticized "ongoing" legal advice that Plaintiff rendered on at least three distinct occasions,

6

and, presumably, regarding different works of art.[1] Accepting as true the factual allegations in the Amended Complaint, Defendant's statement disparaged Plaintiff for "multiple . . . lapses in judgment," and therefore, the single instance exception does not apply. See Celle, 209 F.3d at 181.

B. Footnote 3 of the Report

Footnote 3 of the Report states that "Ms. Berke-Weiss is counsel for the defendant in the removal proceedings, the plaintiff's fees action, and the instant action." (Report at 9 n.3.) Defendant, in her Objection, notes that Ms. Berke-Weiss was not Defendant's counsel in the removal proceedings held in Westchester County Surrogate's Court and that Defendant was not a party to Plaintiff's fees action. (Def. Obj., 8-9.) The text of the Amended Complaint is unclear regarding these facts (see Am. Compl. ¶¶ 37, 43-45, 58), though Exhibit B of the Amended Complaint suggests that Defendant was not a party to the fees action (see Am. Compl. Ex. B). These facts are immaterial to the outcome of the instant Motion, and the Court declines to adopt footnote 3 of the Report.

---

[1] The first memorandum was produced before December 2010, when the Gallery initially asked Plaintiff for legal advice regarding the two Thiebaud paintings. (Am. Compl. ¶¶ 23, 25, 28.)

IV. Portions of the Report to Which Neither Party Has Objected

Where parties have not objected to certain portions of the Report, the Court reviews those portions for clear error. DiPilato, 662 F. Supp. 2d at 339. Having found no clear error, the Court adopts Magistrate Judge Francis's findings as to those parts of the Report to which no timely objections have been made.

V. Leave to Replead

When a complaint has been dismissed, permission to amend it shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, a court may dismiss without leave to amend when amendment would be futile, or would not survive a motion to dismiss. Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005).

Here, amendment would be futile with regard to Plaintiff's SCA claim. The Amended Complaint states that exhibit-E "turned over" to Defendant email correspondences between Plaintiff and Gallery employees; it did so by permitting Defendant to access its server, on which the emails were stored. (Am. Compl. ¶¶ 64, 81, 83.) Plaintiff does not allege that Defendant convinced exhibit-E to produce the emails by means of coercion or fraud.

(See Am. Compl. ¶¶ 48-65, 79-85.) As Magistrate Judge Francis found, these allegations indicate that exhibit-E authorized Defendant to access the Gallery emails, an authorization that constitutes a complete defense to liability under the SCA. (See Report at 30-34.) No amended complaint can state a claim under the SCA without directly contradicting the factual allegations of the present Amended Complaint. Therefore, Plaintiff's request for leave to replead her SCA claim is DENIED.

However, regarding Plaintiff's tortious interference claim, were Plaintiff to allege and identify a specific, existing business relationship that was allegedly interfered with, the business opportunities that were lost as a result of Defendant's alleged conduct, and facts suggesting interference that rises to the level of severance of the relationship, she may be able to state a claim for tortious interference with prospective business advantage. Amendments to the Amended Complaint with respect to Plaintiff's Second Cause of Action would not be futile, and thus leave to replead this claim is GRANTED.

VI. Conclusion

Having applied the appropriate standards of review to the Report and Recommendation of United States Magistrate Judge James C. Francis IV dated May 14, 2012, this Court APPROVES,

**ADOPTS AND RATIFIES the Report in its entirety, with the exception of the Report's third footnote. Accordingly, Defendant's Motion to Dismiss Plaintiff's First Cause of Action is DENIED. Defendant's Motion to Dismiss Plaintiff's Second Cause of Action is GRANTED, and Plaintiff's claim for tortious interference with prospective business advantage is DISMISSED WITH LEAVE TO AMEND. Defendant's Motion to Dismiss Plaintiff's Third Cause of Action is Granted, and Plaintiff's SCA claim is DISMISSED WITHOUT LEAVE TO AMEND. Should Plaintiff seek to replead her Second Cause of Action, she shall file a Second Amended Complaint within forty-five days of the date of this Order. Failure to do so within the given time period shall lead to this Cause of Action being dismissed with prejudice.**

    SO ORDERED.

New York, New York
Dated: March 28, 2013

                              *Deborah A. Batts*
                              Deborah A. Batts
                         United States District Judge