```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
KERRY E. CONNOLLY, ESQ.,

        Plaintiff,
                                        11 Civ. 8801 (DAB) (JCF)
    v.                                  MEMORANDUM AND ORDER

LELIA MARTIN WOOD-SMITH and
"JOHN DOES" 1 THROUGH 5,

        Defendants.
------------------------------------X
```

**DEBORAH A. BATTS, United States District Judge.**

On March 28, 2013, the Court adopted nearly in full the Report and Recommendation of United States Magistrate Judge James C. Francis IV. The Court denied Defendant's Motion to Dismiss as to Plaintiff's defamation claim, granted Defendant's Motion to Dismiss as to Plaintiff's tortious interference and Stored Communications Act claims, and granted Plaintiff leave to amend her tortious interference claim. Plaintiff filed a Second Amended Complaint on May 13, 2013. On August 5, 2013, Defendant filed a Partial Motion to Dismiss Plaintiff's tortious interference claim.

On October 29, 2013, Magistrate Judge Francis issued a second Report and Recommendation ("Report"), which recommended that the Court grant Defendant's Partial Motion to Dismiss. (Report 11.) Plaintiff filed Objections to the Report on November 15, 2013, and Defendant responded to Plaintiff's

Objections on December 2, 2013. For the reasons set forth below, after conducting the appropriate levels of review following Plaintiff's Objections, the Report and Recommendation of Magistrate Judge Francis dated October 29, 2013 shall be ADOPTED in its entirety. Accordingly, the Court GRANTS Defendant's Partial Motion to Dismiss.

I.   Objections to the Report and Recommendation

On dispositive motions, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1). The court may adopt those portions of the Report to which neither party timely objects, as long as there is no clear error on the face of the record. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "[t]o the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Time Square Foods Imps. LLC v. Philbin, No. 12 Civ. 9101, 2014 WL 521242, at *2 (Feb. 10, 2014); see also Ortiz v. Barkley, 558 F.

Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'") (citation omitted). After conducting the appropriate level of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3).

II. Plaintiff's Objections

A. Intent Requirement

Plaintiff ("Plaintiff" or "Connolly") objects that Judge Francis erroneously confused the intent requirement of the tortious interference standard with a requirement to plead that interference was the purpose of or motive behind the defendant's conduct; Plaintiff also argues that her Second Amended Complaint adequately pleaded that Defendant ("Defendant" or "Wood-Smith") intentionally interfered with the relationship between her and the Gallery. (Pl.'s Objs. Report & Recommendation Judge Francis ("Pl.'s Objs.") 2-3, 6-11.) These arguments simply reiterate the original arguments Plaintiff made before Judge Francis. (Compare Pl.'s Objs. 2-3, 6-11 with Pl.'s Mem. Law Opp'n Wood-Smith's Third Mot. Dismiss 1-3, 4-9, 10-12.) Accordingly, this portion

3

of the Report is entitled only to clear error review. Having found no clear error, the Court adopts the Report's findings and recommendations regarding Plaintiff's failure to meet the intent requirement.

B. Prospective Relationship with Stone Family Members or Gallery Employees

Next, Plaintiff objects that "Judge Francis incorrectly says that Connolly has not alleged a prospective relationship with Stone family members or Gallery employees." (Pl.'s Objs. 4.) Plaintiff provides no argument in support of this sentence-long Objection. The conclusory nature of this Objection entitles Plaintiff only to clear error review of this section of the Report. Having found none, the Court adopts the Report's findings and recommendations regarding Plaintiff's failure to allege a prospective relationship with Stone family members other than Claudia Stone or with other Gallery staff.

C. Actions Occurring After Plaintiff's Resignation

Plaintiff also objects to Judge Francis's finding that any conduct that occurred after Plaintiff's resignation cannot support her claim of tortious interference. (Pl.'s Objs. 4-6.) In particular, Plaintiff argues that she had a prospective future relationship with the Gallery even after she resigned

4

from her position as the Gallery's outside legal counsel. (Pl.'s Objs. 4-6.) The Court reviews this section of the Report <u>de novo</u>.

The first element of a claim for tortious interference with prospective business advantage requires a plaintiff to allege a business relationship between himself and a third party. <u>Kirch v. Liberty Media Corp.</u>, 449 F.3d 388, 400 (2d Cir. 2006) (citation omitted). "[W]hether plaintiff has pleaded sufficiently the first element of this claim turns on whether plaintiff had an <u>existing or continuing</u> relationship with the third parties <u>at the time of</u> defendants' tortious interference." <u>Henneberry v. Sumitomo Corp. of Am.</u>, 532 F. Supp. 2d 523, 548 (S.D.N.Y. 2007); <u>see also</u> <u>Scutti Enters., LLC v. Park Place Entm't Corp.</u>, 322 F.3d 211, 215 (2d Cir. 2003) ("[Plaintiff] can recover if it can prove that the defendant tortiously interfered with a continuing business or other customary relationship.") (citation and alteration omitted); <u>Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council</u>, 857 F.2d 55, 74 (2d Cir. 1988) ("[A] plaintiff must demonstrate that the defendant interfered with business relations existing between a plaintiff and a third party.").

Here, Plaintiff has failed to "plead[] factual content that allows the court to draw the reasonable inference" that she had an existing or continuing relationship with the Gallery after

she tendered her resignation. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The only facts Plaintiff alleges in support of her argument are that she worked for the Gallery for sixteen years prior to her resignation (2d Am. Compl. ¶ 40), she had a friendly personal and professional relationship with members of the Stone family through at least 2006 (id. ¶ 12), members of the Stone family and Gallery employees asked Plaintiff for unspecified legal assistance at unspecified times (id. ¶ 71), neither the Gallery nor the Stone family had ever complained about the quality of her legal services (id. ¶ 13), and members of the Stone family were aware of Wood-Smith's problematic behavior (id. ¶¶ 2, 16, 21, 24, 46). Based on these facts alone, no reasonable inference can be drawn that there was "more than a sheer possibility" that Plaintiff had an existing or continuing relationship with the Gallery after she resigned as the Gallery's outside legal counsel. Iqbal, 556 U.S. at 678. Accordingly, the Court adopts the Report's recommendation that any allegedly tortious conduct occurring after Plaintiff resigned cannot support her claim of tortious interference.

III. Portions of the Report to Which Neither Party Has Objected

Where parties have not objected to certain portions of the Report, the court reviews these portions for clear error.

DiPilato, 622 F. Supp. 2d at 339. Having found no clear error, the Court adopts Magistrate Judge Francis's findings as to those parts of the Report to which no timely objection has been made.

IV.   Leave to Replead

When a complaint has been dismissed, permission to amend it shall be freely given where justice so requires. Fed. R. Civ. P. 15(a)(2). However, a court may dismiss without leave to amend when amendment would be futile or would not survive a motion to dismiss. Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005).

Permitting Plaintiff to file a Third Amended Complaint would be futile. Plaintiff's proposed amendment (Pl.'s Objs. 11) would not make her tortious interference claim plausible. Moreover, "Plaintiff has been given ample opportunity to amend [her] pleadings and the Court can only afford [her] so many bites at the apple." Best v. City of New York, No. 12 Civ. 7874, 2014 WL 163899, at *3 (S.D.N.Y. Jan. 15, 2014). Accordingly, Plaintiff's request to replead is DENIED.

V.   Conclusion

Having applied the appropriate standards of review to the Report and Recommendation of United States Magistrate Judge

7

**James C. Francis IV dated October 29, 2013, the Court APPROVES, ADOPTS, AND RATIFIES the Report in its entirety. Accordingly, Defendant's Partial Motion to Dismiss is GRANTED and Plaintiff's claim for tortious interference is hereby DISMISSED WITH PREJUDICE. Defendant shall answer the remaining claim within thirty days of the date of this Order.**

    SO ORDERED.

    Dated: March 27, 2014
    New York, New York

                                               _/s/ Deborah A. Batts_
                                               Deborah A. Batts
                                           United States District Judge